### RALPH EWINGS *vs.* BENJAMIN WALKER.

An officer seizing intoxicating liquors by a warrant issued under *St.* 1855, *c.* 215, § 25, is liable as a trespasser, upon the subsequent abatement of the proceedings because the notice to the keeper was not returned to the proper court, although no order is passed for the return of the liquors, and notwithstanding § 38.

ACTION OF TORT for the taking and conversion of spirituous liquors and the vessels containing them. The defendant admitted the taking, and the plaintiff's property; but alleged that he seized them under a warrant issued to him by the police court of the city of Worcester on a complaint under *St.* 1855, *c.* 215, § 25. The liquors seized exceeded twenty dollars in value, and a notice was issued by the police court to the person complained of, pursuant to §§ 26, 30, returnable before the court of common pleas, but was in fact returned by the officer into the police court; and the complaint was therefore abated in the court of common pleas; but no order was passed for the return of the liquors and vessels. The plaintiff demanded them of the defendant, who refused to give them up without an order of court. The defendant can show, if competent, that the liquors and vessels, when seized by the defendant, were in the possession of the city marshal of Worcester, having been taken by him from the plaintiff, who had held them with intent to sell them in violation of law. Upon these facts the parties submitted the case to the decision of the court.

*G. F. Verry,* for the plaintiff.

*P. E. Aldrich,* for the defendant. 1. The warrant authorized the seizure of the vessels, and required the defendant to keep them until the final order of the court, which might be either for the confiscation or for the return of the liquor. *St.* 1855, *c.* 215, §§ 24–30. Until such final order the plaintiff has no right of action.

2. The liquors, being kept by the plaintiff with intent to sell them in violation of law, were not property, for the seizure of which any action could be maintained. The *St.* of 1855, *c.* 215, § 38, expressly declares that no action " shall be had or main-

tained against any officer for seizing, detaining or destroying any intoxicating liquor or the vessels containing it, unless such liquor and vessels were legally kept by the owner thereof." And see *Fisher* v. *McGirr*, 1 Gray, 46; *Pierce* v. *Jackson*, 6 Mass. 242; *Albee* v. *Ward*, 8 Mass. 79.

3. A process not void, but only voidable for mistake or irregularity, is a sufficient justification for an officer acting under it. *Sanford* v. *Nichols*, 13 Mass. 286.

THOMAS, J. The plea in abatement of the proceedings was sustained by the court of common pleas. The defendant had no longer any legal claim to the custody of the goods seized. The provisions of the *St.* of 1855, *c.* 215, § 28, in relation to a written order for the return of liquors, apply to cases where the proceedings are regular and valid, but in which upon the trial it has not been proved that the liquor was kept or deposited for sale contrary to law. Such order is not provided for where the proceedings are void. Upon the demand of the plaintiff the liquor and vessels should have been restored. Such demand and refusal were a conversion of the property by the defendant.

Such conversion would not be protected under the language of the thirty-eighth section of the statute, even if that section were susceptible of the construction given to it by the counsel of the defendant. If the statute left the owner remediless for property so converted, we should feel compelled to say it was a clear violation of the 11th article of the Declaration of Rights, which declares that every subject ought to find a certain remedy by having recourse to the laws for all injuries or wrongs which he may receive in his person, property or character. See *Fisher* v. *McGirr*, 1 Gray, 46–48. *Judgment for the plaintiff.*